IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY MCCLAM,

    Plaintiff,

       v.

CITY OF RIVERDALE, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-4111-TWT

**OPINION AND ORDER**

    This is a civil rights action. It is before the Court on the Defendants City of Riverdale, Todd Spivey, and Kirby Threat's Motion to Dismiss [Doc. 27]. For the reasons set forth below, the Defendants' Motion to Dismiss [Doc. 27] is GRANTED.

## I.    Background[1]

    This action arose from the Plaintiff's arrest, pursuant to a warrant, for the crime of removing a candidate's campaign signs. (Am. Compl. ¶¶ 8, 13-14). The Plaintiff alleges the warrant was based on an administrative statement he signed as an employee of the Defendants. (*Id.* ¶¶ 9-13). In September 2021, the Plaintiff worked as a police officer for the City of Riverdale. (*Id.* ¶ 5). Defendant Kirby Threat was Captain of Internal Affairs and Defendant Todd Spivey was Chief of Police for the Riverdale Police Department. (*Id.* ¶ 6). As

---

[1] The Court accepts the facts as alleged in the Amended Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

Chief of Police, Spivey served as the final policymaker over his decisions in internal affairs investigations for Riverdale police officers, and his decisions were not reviewed. (*Id.* ¶ 7). The City and Spivey asked Threat to investigate the Plaintiff for the crime of removing campaign signs and, as part of the investigation, Threat asked the Plaintiff to fill out a Riverdale Police Department Employee Statement ("Statement"). (*Id.* ¶¶ 8-9). Printed on the Statement is the assurance that "[a]dministrative statements made by employees and evidence gained by reasons of such statements may not be used against the employee in criminal proceedings involving the employee except in cases of perjury." (*Id.* at 13).

In the Statement, the Plaintiff wrote that on September 7, 2021, at 6:30 AM, he was driving to work when he observed three of his own campaign signs defaced, so he stopped and pulled up the signs. (*Id.*). The Plaintiff stated that he was in his patrol vehicle when he took the signs and that he "felt targeted by the Clarkston Police Dept because of it." (*Id.*). Threat turned over the Plaintiff's Statement to Spivey, who provided the Statement to a police officer from the City of Clarkston. (*Id.* ¶ 13). The officer then used the Plaintiff's statement to secure a warrant for his arrest based on his admission in the Statement that he had been in the City of Clarkston at 6:30 AM. (*Id.*). The Plaintiff was then arrested on the warrant, but the charges were subsequently dismissed. (*Id.* ¶ 14). As a result of his arrest, the Plaintiff was demoted and

placed on "desk duty." (*Id.* ¶¶ 16-17). The Plaintiff alleges that, as a result of the Defendants' actions, he suffered "humiliation and embarrassment and loss of income in the amount of $100,000" and that "[b]ecause of the reckless designed [sic] and callous indifference to Plaintiff's constitutional right, Defendants Threat and Spivey are liable to Plaintiff for $250,000 in punitive damage." (*Id.* ¶¶ (18-19). The Plaintiff also seeks attorney's fees. (*Id.* ¶ 20).

As best the Court can discern, the Plaintiff asserts claims under 42 U.S.C. § 1983 for "illegal arrest" and the use of "compelled testimony" (Count One); misrepresentation, as to Defendants Threat and Spivey, (Count Two); violations of the Georgia Constitution (Count Three); punitive damages and attorney's fees (Count Four); and malicious prosecution (Count Five). (*Id.* ¶¶ 1-52). In lieu of an answer, the Defendants filed the Motion to Dismiss that is presently before the Court. [Doc. 27].

## II.    Legal Standards

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court

must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

## III.   Discussion

In their Motion to Dismiss, the Defendants argue that all of the Plaintiff's claims should be dismissed. First, they contend that to the extent the Plaintiff attempts to assert a *Monell*[2] claim against the City, that claim fails because the Plaintiff has not identified a policy or custom that violated his constitutional rights. (Defs.' Mot. to Dismiss, at 3, 7-10). Second, Spivey and Threat argue that they are entitled to qualified immunity on the Plaintiff's federal claims and official immunity on his state law claims. (*Id.* at 3, 11-18). Third, the Defendants assert that the Plaintiff fails to state a claim under the

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

4

Georgia Constitution or for misrepresentation under state law. (*Id.* at 3-4, 15-16). Fourth, Threat argues that the Court lacks jurisdiction over him because he was not properly served and, finally, the Defendants contend that if the Plaintiff's underlying claims are dismissed, his claims for punitive damages and attorney's fees should be dismissed as well. (*Id.* at 4, 18-20).

The Plaintiff responds and attaches an incident report from the Clarkston Police Department's ("CPD") investigation of the campaign sign theft. (Pl.'s Resp. to Mot. to Dismiss, Ex. 1). The Plaintiff argues that the incident report demonstrates that the CPD did not have probable cause to arrest the Plaintiff until Defendants Threat and Spivey turned over his Statement. (*Id.* at 3-4). The Plaintiff also contends that he has stated a claim under *Garrity v. New Jersey*, 385 U.S. 493 (1967) based on the alleged use of the Statement to procure a warrant. (*Id.* at 4). The Plaintiff appears to argue that he states a *Garrity* claim because he faced penalties with his employer if he did not sign the Statement. (*See id.* at 6-14).

Next, the Plaintiff asserts that neither Threat nor Spivey are entitled to qualified immunity because they used their positions to deceive the Plaintiff into waiving his *Garrity* rights before turning his Statement over to CPD. (*Id.* at 14-15). The Plaintiff also appears to argue that he has stated a malicious prosecution claim and that the Defendants lack immunity as to this claim as well because they caused his unlawful arrest. (*See id.* at 15-18). Additionally,

the Plaintiff appears to assert that the Defendants lack immunity as to his state law claims because they committed fraudulent acts and that his claim under the Georgia Constitution is viable under *White v. State*, 305 Ga. 111 (2019) and *Long v. Jones*, 208 Ga. App. 798 (1993). (*Id.* at 18-21). Finally, the Plaintiff concedes that he has not timely served Defendant Threat but asks the Court to permit him to serve Threat out of time. (*Id.* at 19).[3]

As an initial matter, as the Plaintiff concedes, the Court lacks jurisdiction over Defendant Threat because the Plaintiff never properly served him. The Court will not permit the Plaintiff to serve Threat at this late stage. This action was filed nearly a year ago, on September 13, 2023, and the Plaintiff admitted he had not properly served Threat in his response to the Motion to Dismiss filed on April 30, 2024. In other words, the Plaintiff has had plenty of time to correct his procedural error. Nor has the Plaintiff articulated good cause for his failure to properly serve Threat. *See* Fed. R. Civ. P. 4(m) (providing that the district court "must dismiss the action without prejudice against that defendant" that the Plaintiff has failed to serve within 90 days after the complaint is filed, unless "the plaintiff shows good cause for the failure."). The Court has no discretion, then, as the Plaintiff contends, and must dismiss Defendant Threat from this action without prejudice. *Williams*

---

[3] The Court has also read and considered the Defendants' reply brief. (Doc. 33).

*v. Robbin*, 153 F. App'x 574, 576 (11th Cir. 2005) ("[W]here a plaintiff fails to perfect service of process . . . , dismissal is mandatory unless the plaintiff can show good cause."). The Court will address each of the Plaintiff's remaining claims in turn.

## A. Plaintiff's 42 U.S.C. § 1983 Claims against Spivey

The Eleventh Circuit recognizes a claim under the Fourth Amendment against a non-arresting officer who causes the unlawful arrest of another. *Jordan v. Mosley*, 487 F.3d 1350, 1354 (11th Cir. 2007). However, a claim for false arrest under § 1983 cannot lie where the arrest was made pursuant to a warrant. *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014). Instead, the proper claim is for malicious prosecution, "which is the constitutional tort available to people who have been wrongfully arrested pursuant to legal process." *Id.* A malicious prosecution claim can lie where an officer secures an arrest warrant without probable cause. *Id.* at 906-07.

In *Garrity*, the Supreme Court held that public employees cannot be coerced into compromising their rights under the Fifth Amendment by threats of termination or other sanctions. *Garrity*, 385 U.S. at 496. Moreover, the Eleventh Circuit has held that to state a claim under *Garrity*, "the officer must have in fact believed the statements to be compelled on threat of loss of job and this belief must have been objectively reasonable." *U.S. v. Vangates*, 287 F.3d 1315, 1322 (11th Cir. 2002) (quotation marks, citation, and brackets omitted).

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quotation marks omitted). "A defendant who asserts qualified immunity has the initial burden of showing he was acting within the scope of his discretionary authority when he took the allegedly unconstitutional action." *Id.* at 1297. Once that is shown (and it is not challenged here), "the burden shifts to the plaintiff to establish that qualified immunity is not appropriate by showing that (1) the facts alleged make out a violation of a constitutional right and (2) the constitutional right at issue was clearly established at the time of the alleged misconduct." *Id.* The Court has discretion to decide these issues in either order depending on the circumstances, but the Plaintiff must demonstrate both prongs to survive a qualified-immunity defense. *See Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017). Additionally, "it is proper to grant a motion to dismiss on qualified immunity grounds when the complaint fails to allege the violation of a clearly established constitutional right." *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quotation marks and citation omitted).

The Plaintiff has failed to state any claims under § 1983 against Defendant Spivey because he is entitled to qualified immunity under the facts

8

alleged in the Amended Complaint. As an initial matter, the Plaintiff has not challenged the Defendants' assertions that they were acting within the scope of their discretionary authority in investigating the Plaintiff's alleged misconduct. *See Gates*, 884 F.3d at 1297. Thus, the burden shifts to the Plaintiff to demonstrate that the facts alleged make out a violation of a clearly established constitutional right. *See id.*

### 1. Malicious Prosecution under the Fourth Amendment

First, the Plaintiff's allegations with regard to his malicious prosecution claim do not establish a violation of a clearly established constitutional right, even when viewed in the light most favorable to the Plaintiff. *Gates*, 884 F.3d at 1296; *Quality Foods de Centro Am., S.A.*, 711 F.2d at 994-95. He alleges that Defendant Threat coerced him into making the Statement knowing that it had been "secured in violation of Plaintiff's 5th and 14th Amendment rights" and would be used for probable cause for an arrest warrant, and that Defendant Spivey knew this as well. (Am. Compl. ¶¶ 34-35). The Plaintiff also alleges that without his Statement, there would have been no probable cause for the arrest warrant to issue, and that the criminal prosecution against him ultimately ended without his conviction. (*Id.* ¶¶ 37-38). The problem with the Plaintiff's claim is that Spivey neither instituted nor continued the resulting criminal prosecution of the Plaintiff. *See Wood v. Kesler*, 323 F.3d 872, 882-83 (11th Cir. 2003). Because the Plaintiff has failed to establish one of the elements of his

malicious prosecution claim, he has not carried his burden of establishing a violation of a clearly established constitutional right. *Gates*, 884 F.3d at 1296. Defendant Spivey is therefore entitled to qualified immunity as to this claim.

### 2. *Garrity* Claim under the Fifth Amendment

Second, the Plaintiff has also failed to establish a violation of a clearly established constitutional right with regard to his *Garrity* claim. In order for a compelled statement to fall within *Garrity*'s ambit, the employee must have "subjectively believed that he would lose his job if he refused to answer questions and . . . his belief [must have been] objectively reasonable." *United States v. Smith*, 821 F.3d 1293, 1303 (11th Cir. 2016) (quotation marks and citation omitted). "[W]here there is no direct threat, the mere possibility of future discipline is not enough to trigger *Garrity* protection." *Id.* at 1302. Here, the Plaintiff alleges that he "was aware he faced disciplinary action, up to and including dismissal if he did not" provide the Statement, (Am. Compl. ¶ 12), but he does not allege that Spivey, through Threat, threatened to terminate him if he did not provide the Statement. Nor does the Statement itself mention any threat of discipline if the form is not completed. Nonetheless, the Court finds that, under the circumstances of the investigation and viewing the facts in the light most favorable to the Plaintiff, the Plaintiff has properly alleged that his belief he would be terminated if he did not provide the Statement was objectively reasonable. It is reasonable to assume that the Plaintiff faced

termination if he did not cooperate with the internal investigation given that he was the subject of a criminal investigation, and the Plaintiff was aware of that investigation.

However, taking into consideration the Statement itself and the warrant in addition to the Amended Complaint, the Plaintiff has not alleged that his Statement was used to incriminate him such that a *Garrity* violation took place. Specifically, the Plaintiff alleges that a CPD officer secured a warrant based on his statement "that he had been in the City of Clarkston at 6:30." (Am. Compl. ¶ 13). But the warrant itself states that the Plaintiff was "id'd by video and police car he was driving. Clarkston has confirmed with Riverdale that D was not on duty at the time of the incident." (Warrant, Doc. 27-2, at 2).[4] And although the Court is obliged to accept the facts in the Amended Complaint as true, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (quotation marks and citation omitted); *see also Vandiver v. Meriwether Cnty.*, Ga., 325 F. Supp. 3d 1321, 1325 n.2 (N.D.Ga. 2018) ("Despite the Court's obligation to accept the facts in a complaint as true,

---

[4] The Defendants attached the Plaintiff's arrest warrant to their Motion to Dismiss. The Court may consider the warrant because the Plaintiff references it in his Amended Complaint, it is central to his claims, the Defendants attached it to their Motion to Dismiss, and the Plaintiff has not disputed the warrant's contents or its authenticity. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

it is not required to ignore specific, contradictory evidence appearing in an undisputed document properly before it."). It is apparent from the warrant that the video of the Plaintiff taking the campaign signs is what gave the CPD officer probable cause for the warrant, contrary to the Plaintiff's allegation that "[a]bsent the coerced statement, [he] would not have been arrested." (Am. Compl. ¶ 15). Moreover, as the Plaintiff's superior officers, Spivey and Threat did not need the Plaintiff's Statement to confirm whether he was on duty at the time and on the date of the sign-stealing incident. Thus, even assuming the Plaintiff's Statement was protected under *Garrity* (and it appears that it was), he has still failed to establish a clear violation of constitutional law because the facts and evidence properly before the Court show that the Statement here was not used to procure the Plaintiff's arrest. *See Gates*, 884 F.3d at 1296. Defendant Spivey is therefore entitled to qualified immunity as to the Plaintiff's *Garrity* claim.

## B. Plaintiff's *Monell* Claim Against the City

Under *Monell*, a local government body is liable under § 1983 when the execution of its policy or custom constitutes the "moving force" that inflicts injury upon an individual in violation of her constitutional rights. *Monell*, 436 U.S. at 694. To state a claim for § 1983 liability against a municipality or other local government entity, a plaintiff must allege plausible facts showing (1) that her constitutional rights were violated, (2) that the municipality had a custom

or policy that constituted deliberate indifference to her constitutional rights, and (3) that the custom or policy caused her constitutional violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). A plaintiff "has two methods by which to establish a [City's] policy: identify either (1) an officially promulgated [City] policy or (2) an unofficial custom or practice of the [City] shown through the repeated acts of a final policymaker for the [City]." *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citations omitted). The present case does not implicate an officially promulgated City policy, so only the unofficial custom or practice inquiry is relevant here.

The Plaintiff here fails to state a *Monell* claim because he does not identify any unofficial policy or practice of the City of Riverdale that caused his constitutional rights to be violated. The Plaintiff alleges only that Defendant Spivey was the "final policymaker" for the City and that his actions investigating officer misconduct were not reviewed. (Am. Compl. ¶¶ 6-7). To the extent the Plaintiff's *Monell* claim hinges on a purported custom of Defendant Spivey's investigative decisions being unreviewed, that is only a tangential connection to the conduct the Plaintiff claims violated his constitutional rights here. *See Cuesta v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 285 F.3d 962, 967 (11th Cir. 2002) ("It is not sufficient for a government body's policy to be tangentially related to a constitutional deprivation."). Moreover, a single, isolated incident is insufficient to establish a custom or practice of

deliberate indifference to constitutional rights. *Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1263 n.11 (11th Cir. 2010). Therefore, even viewing the Amended Complaint in the light most favorable to the Plaintiff, he has failed to state a plausible *Monell* claim. This claim will be dismissed.

### C. Plaintiff's Misrepresentation Claim

Under Georgia law, a fraudulent misrepresentation claim has five elements: (1) the defendant made false representations; (2) the defendant knew the representations were false at the time (scienter); (3) the defendant made the representations intending to deceive the plaintiff; (4) the plaintiff justifiably relied upon such representations; and (5) the defendant's misrepresentations resulted in damages. *McLeod v. Costco Wholesale Grp.*, 369 Ga. App. 717, 720 (2023).

The Plaintiff's misrepresentation claim fails for the simple reason that the arrest warrant itself contradicts the Plaintiff's allegation that his Statement was used to procure the warrant. The warrant states that the sign-stealing incident was caught on video and that "Clarkston" confirmed with "Riverdale" that the Plaintiff was not on duty or acting for the City of Riverdale at the time the incident occurred. (*See* Warrant, Doc. 27-2, at 2). The Plaintiff alleges that his Statement is what informed the CPD that he was in the area at the time the signs were stolen, but the warrant's reference to video recording of the incident belies that assertion. Moreover, the Plaintiff cannot

14

amend his complaint by attaching the CPD incident report to the response to his Motion to Dismiss in order to bolster his claims, *Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012), and the Court is skeptical that it can consider the incident report since it was not referenced in the Amended Complaint. Perplexingly, however, the incident report cited by the Plaintiff adds further support for the conclusion that no misrepresentation took place. The incident report indicates that the Plaintiff was identified by Threat based on his patrol car in the video of the incident before the Plaintiff made his Statement. (*See* Incident Report, Doc. 32-1, at 1). Therefore, even considering the incident report, the Plaintiff has failed to state a claim that any misrepresentation occurred when the Amended Complaint and warrant are viewed in the light most favorable to the Plaintiff. *See Quality Foods de Centro Am., S.A.*, 711 F.2d at 994-95.

### D. Plaintiff's Claim Under Ga. Const. Art. I, § 1, ¶ XVI

The Georgia Constitution has its own protection against self-incrimination, providing that "[n]o person shall be compelled to give testimony tending in any manner to be self-incriminating." Ga. Const. Art. I, § 1, ¶ XVI. The Georgia Court of Appeals recently reiterated its longstanding precedent that "Georgia law contains no equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer individually for certain unconstitutional acts . . . [b]ased on this authority, there is no viable private cause of action

against [an officer] for his alleged constitutional violations." *Collins v. Schantz*, 369 Ga. App. 282, 287 (2023) (citing *Howard v. Miller*, 222 Ga. App. 868, 871 (1996) (quotation marks omitted). The Georgia Supreme Court has previously reiterated the same, stating that "this Court and the Court of Appeals have held that state employees cannot be sued individually." *DeLoach v. Elliot*, 289 Ga. 319, 321 (2011). The Plaintiff's claim under the Georgia Constitution is therefore due to be dismissed. While the Court acknowledges that the Georgia Court of Appeals impliedly condoned a *Bivens*-like claim under the Georgia Constitution in *Long*, the case cited by the Plaintiff, the Court is bound by *DeLoach* on this matter as it is a decision of the Georgia Supreme Court. *Zucker for BankUnited Fin. Corp. v. U.S. Specialty Ins. Co.*, 856 F.3d 1343, 1349 (11th Cir. 2017). This is especially so where *Collins* is on point and in accord with *DeLoach*.

### E. Plaintiff's Claim for Punitive Damages and Attorney's Fees

"A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim. Similarly, punitive damages under OCGA § 51-12-5.1 cannot be awarded where no actual damages are awarded." *Morris v. Pugmire Lincoln Mercury, Inc.*, 283 Ga. App. 238, 241 (2007) (quotation marks and citations omitted). Likewise, only prevailing parties are entitled to attorney's fees in § 1983 actions. 42 U.S.C. § 1988(b). Because the Court is dismissing the entirety of the Plaintiff's merits

16

claims, his attorney's fees and punitive damages claims necessarily fail as well.

## IV.    Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss [Doc. 27] is GRANTED. This action is DISMISSED in its entirety without prejudice as to Defendant Threat for failure to effect service within the time allotted by Fed. R. Civ. P. 4(m). The remainder of the action is DISMISSED with prejudice. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (providing that a dismissal with prejudice "is fitting for failure to state a claim" and that dismissal without prejudice "is appropriate for jurisdictional decisions.").

SO ORDERED, this ____29th____ day of August, 2024.

THOMAS W. THRASH, JR.
United States District Judge

17